**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                                          Case No.  6:05-cr-30-Orl-31KRS

**JESUS NIAVE DELGADO**

---

**MEMORANDUM SENTENCING OPINION**

Defendant, Jesus Niave Delgado, was arrested on state charges on January 5, 2005.  Shortly thereafter, the U.S. Bureau of Immigration and Customs Enforcement determined that Delgado had re-entered the United States illegally.  He was arrested by federal authorities on February 22, 2005, and charged in a one-count indictment of violating 8 U.S.C. § 1326(a) and (b)(2).[1]

Delgado initially contested the constitutionality of the circumstances surrounding his arrest.  Following a suppression hearing, Delgado's Motion was denied and he sought to enter a conditional guilty plea.  The government objected, which resulted in a stipulated bench trial (*see* Order dated April 8, 2005 at Doc. 42).  Delgado is now before the Court for sentencing.

The U.S. Department of Probation's Presentence Investigation Report on Delgado scores him at base offense level 8, according to United States Sentencing Guideline ("USSG") 2L1.2(a).  (¶ 15).  Then, 8 levels are added under USSG 2L1.2(b)(1)(c) as a result of a misdemeanor assault and battery conviction he received in Virginia prior to being deported on January 29, 2002.[2]  That

---

[1] The state charge of giving a false name was subsequently dropped on February 4th, and he was held thereafter on federal charges.

[2] Delgado was sentenced to a year on that conviction, but served only six months before being released and then deported.

conviction also forms the basis for a criminal history category II.  Subtracting 2 levels for acceptance of responsibility,[3] a total (level-history) score of 14-II produces a guideline sentencing range of 18-24 months for Delgado.

Delgado raises two basic arguments in support of a "time-served" sentence.[4]  First, Delgado argues that the Court should depart under USSG 5K2.0 in recognition of the fact that an 8-level enhancement under USSG 2L1.2 is unduly harsh under the particular circumstances of this case.  Second, Delgado asserts that he should receive a 4-level downward adjustment in light of the "fast track" programs applicable in other districts.

*The 8-level enhancement under USSG 2L1.2(b)(1)(c)*

USSG 2L1.2(b)(1)(c) calls for doubling the base offense level of a defendant who has previously been convicted of "an aggravated felony."[5]  Delgado concedes that a misdemeanor conviction can be considered an aggravated felony if the sentence imposed was for a year or more. Here, the sentence was exactly one year, and Delgado was required to serve only six months.  Yet, under the Guidelines, Delgado's sentence is substantially increased whether his prior conviction carried a sentence of 12 months or 12 years.  This is the type of mechanistic application of arbitrary sentencing Guidelines which leads to inequitable and patently unreasonable results. Delgado's prior conviction (for which he served his time) is scored against him in the calculation

---

[3]The government declined to file a motion for the additional point under USSG 3E1.1(b).

[4]Delgado also contends that his criminal history category is overstated and should be reduced pursuant to USSG 4A1.3(b)(1).  The Court rejects this contention.

[5]Of course, doubling the score has a compounding upward effect on the guideline sentence range.  Given Delgado's 2-level credit for acceptance of responsibility, the minimum guideline sentence increases from one month (at a score of 6-II) to 18 months (at a score of 14-II).

of his criminal history category which itself increases the potential penalty. And, while it may be appropriate to consider this conviction as well in the context of his offense level, an 8-level increase is simply not warranted. Thus, using the Court's post-*Booker* discretion, the Court will apply a 6-level enhancement for the prior conviction.[6]

### *The 4-level "fast track" departure*

Congress established the Guidelines in part to eliminate "unwarranted sentencing disparities among [similarly situated] defendants." 28 U.S.C. § 991(b)(1)(B). And the Department of Justice's post-*Booker* rationale for arguing that the Guidelines are, in effect, still mandatory is predicated on the notion that application of the Guidelines avoids unwarranted disparity among similarly-situated defendants. *See United States v. Williams*, 6:04-CR-111-Orl-31-JGG (M.D. Fla. May 5, 2005) (Memorandum Sentencing Opinion referencing James P. Comey, Deputy Attorney General, U.S. Dept. of Justice, *Department Policies and Procedures Concerning Sentencing*, January 28, 2005).

This principle is violated, however, by the Protect Act's authorization that permits up to a 4-level downward departure in those districts that have adopted an early-disposition or "fast-track" program under USSG 5K3.1. The Sentencing Commission itself has recognized that "this type of geographical disparity appears to be at odds with the overall Sentencing Reform Act goal of reducing unwarranted sentencing disparity among similarly-situated offenders." U.S. SENTENCING COMM'N, REPORT TO THE CONGRESS: DOWNWARD DEPARTURES FROM THE FEDERAL SENTENCING GUIDELINES 62 (Oct. 2003).

---

[6] Historically, the downward departure rate for immigration cases is substantially higher than other offenses. For example, the non-5K1.1 departure rate under USSG 2L1.2 for fiscal year 2003 was 35%. *See* 2003 SOURCEBOOK OF FEDERAL SENTENCING GUIDELINES, Table 28.

Unfortunately (for Delgado), this district has no fast track program.[7] If he had been arrested in Arizona, he would be eligible for a 4-level reduction. But, having made it to Florida to find work, he is subject to a much harsher sentence. Recognizing this disparity, two of my fellow judges have granted 4-level departures on this basis. *United States v. Villalobos*, 6:04-CR-206-Orl-28JGG (M.D. Fla. Apr. 18, 2005)(Antoon, J.) (oral sentencing judgment); *United States v. Maldonado-Sanchez*, 8:03-CR-371-T-30TGW (M.D. Fla. Jan. 30, 2004) (Moody, J.) (endorsed order). I see no reason to hold otherwise. Accordingly, the Court will exercise its discretion to reduce Delgado's sentence by the equivalent of a 4-level departure in recognition of this sentencing disparity. Accordingly, Delgado will be scored as follows:

```
Base    8
  +     6    Prior conviction
       14
  -     4    Fast track disparity
       10
  -     2    Acceptance of responsibility
        8 II =  Four to ten months
```

The Court imposes a sentence of time served, which is within the resulting guideline range, adjusted according to the Court's independent consideration of the statutory-sentencing factors set forth in 18 U.S.C. § 3553.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on June 7, 2005.

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[7]The Court has been advised that the establishment of such a program in this district is being considered.